UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ANTHONY JACKSON** | **CASE NO. 25-cv-711** |
| -vs- | **JUDGE DRELL** |
| **NATIONAL GENERAL INSURANCE CO.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING

Before the court is Defendant National General Insurance Company's ("NGIC") motion for summary judgment (Doc. 6). Plaintiff Anthony Jackson ("Jackson") has not opposed the motion and the time within which to do so has lapsed. Accordingly the matter is ripe for review. For the reasons set forth herein, the motion will be GRANTED.

I. Background

On March 28, 2025, Jackson filed a civil action against NCIG in the 9th Judicial District Court, Parish of Rapides, State of Louisiana seeking compensation for damages his property at 2911 Ellbee Drive, Alexandria, Louisiana sustained during a fire and/or rainstorm on March 30, 2023. On May 23, 2025, NGIC removed the lawsuit to this court advising the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship.

On March 30, 2025, NCIG filed the instant motion seeking dismissal of the lawsuit with prejudice arguing NCIG did not underwrite nor issue an insurance policy to Anthony Jackson or for the property at 2911 Ellbee Drive which would cover the date of loss, March 30, 2023.

II. Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The nonmoving party must establish the existence of a genuine issue of material fact for trial by showing the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir. 1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof. Id. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy, 44 F.2d at 312, citing Anderson v Liberty Lobby, 477 U.S. at 247.

III.   Analysis

In a sworn declaration of Jill Thomas, the Vice President of Claims at NGIC, dated May 28, 2025, Ms. Thomas states:

2

> After performing a thorough search, I have concluded that National General Insurance Company did not issue or underwrite a policy of insurance to "Anthony Jackson" or the property at 2911 Ellbee Dr., Alexandria, Louisiana 71301 for the dates encompassing the date of the alleged fire and/or rain storm [sic] on or about March 30, 2023.

(Doc. 6-2). Jackson has not opposed the motion for summary judgment and the record is devoid of any evidence pointing to a valid NGIC policy. As a genuine dispute of material fact does not exist in this matter, the court will grant NGIC's motion and dismiss Jackson's claims against it. The court will issue a judgment in conformity with these findings.

THUS DONE AND SIGNED at Alexandria, Louisiana this 30th day of September 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3